**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLORADO**
-------------------------------------------------------------------X
DURANGO MERCHANT SERVICES, LLC.,

                              Plaintiff,

                -against-                          **COMPLAINT**

UTN ENTERPRISES, INC.,                            Civil Index No.
d/b/a SEARCHINQ.COM,

                              Defendant.
-------------------------------------------------------------------X

    Plaintiff, by its attorney, Todd Wengrovsky, respectfully sets forth and alleges:

## I.
## JURISDICTION

    1. This is an action for infringement of a Registered Trademark under 15 USCS 1051, et. seq. The Court has jurisdiction over the claims under 15 USCS 1051 et seq., as well as 28 USCS 1331(a) and 1338(a), 28 USCS 1338(b), and the doctrine of pendent jurisdiction.

## II.
## VENUE

    2. Venue is vested in this Court pursuant to 28 USCS 1391 and 1400 in that the claims asserted here arose within this district, and that Plaintiff is located within this district.

## III.
## THE PARTIES

    3. At all relevant times, Plaintiff Durango Merchant Services, LLC. is and was a limited liability company organized and existing under the laws of the State of Wyoming, and having as its principal place of business the premises at 2855 N. Main Avenue, Suite B105, Durango CO 81301.

4. Upon information and belief, Defendant UTN Enterprises, Inc., d/b/a Searchinq.com is and was a corporation organized and existing under the laws of the State of Tennessee, and having an address of P.O. Box 680951, Franklin, TN 37068. Defendant may be served at 3301 Running Springs Court, Franklin, TN 37064.

## V.
## BACKGROUND AND FACTS

### A. Plaintiff's Trademark "DURANGO MERCHANT SERVICES"

5. Plaintiff DURANGO MERCHANT SERVICES, LLC. provides brokerage and consulting services in the field of credit card processing. Plaintiff has used the mark in United States commerce for over eight years.

6. Plaintiff filed a United States Trademark Application for the word mark "DURANGO MERCHANT SERVICES" on November 15, 2007, Serial Number 77/331,029.

7. United States Trademark Registration 3,533,355 was then granted to Plaintiff on November 18, 2008, a copy of which is attached hereto as **EXHIBIT A**. The Registration identifies the relative services as "management and business consulting services in the field of electronic processing of ACH and credit card transactions and electronic payments."

8. Regarding commercial usage of the mark DURANGO MERCHANT SERVICES, Plaintiff has operated a website with the domain name of www.durangomerchantservices.com since July 27, 2001.

9. As a result of widespread promotion and usage for twelve years, Plaintiff's mark has become associated with effective, reliable services, as well as a high degree of professionalism.

## B. Defendant's Infringement Of Plaintiff's Registered Trademark

10. Defendant is using Plaintiff's identical mark DURANGO MERCHANT SERVICES in association with its *own* website, without authorization, for the purpose of financial gain.

11. Specifically, Defendant has listed Plaintiff's trademark in connection with a direct link to Defendant's website www.searchinq.com.  This is shown in **EXHIBIT B**, a printout of search results responsive to the query "Durango Merchant Services" in the Google search engine (see the sponsored link in the right-hand column).

12. When one clicks on the "Durango Merchant Services" sponsored link, one is sent to *Defendant's* website, specifically to the website page shown in **EXHIBIT C**. The services promoted on such page directly compete with the services offered by Plaintiff Durango Merchant Services.

13. Per 15 U.S.C. 1114, a plaintiff's trademark is protected by federal law against infringement by use of colorable imitations of the mark which are "likely to cause confusion, or to cause mistake, or to deceive."

14. Here, the unauthorized mark used by Defendant is not merely similar to Plaintiff's registered trademark, it is <u>identical</u>.

15.  Because Defendant's website comes up in at least one major search engine directly beneath and associated with *Plaintiff's* Registered Trademark (in response to queries consisting of the Registered Mark), prospective clients of Plaintiff will assume that they are reaching Plaintiff's website, when in fact they are reaching *Defendant's* website.

16. In addition to consumer confusion, such creates an unlawful gain for Defendant, as Defendant is realizing the benefits of usage of Plaintiff's mark absent the costs associated with creating and developing same.

17. As such, Defendant has infringed Plaintiff's trademark in violation of 15 U.S.C. 1125. Specifically, "initial interest confusion" is recognized by the Second Circuit, and therefore by this Court. Initial interest confusion results when a consumer seeks a particular trademark holder's goods or services, but is instead lured to the product or service of a competitor by the competitor's use of the same or a similar mark. Even though the consumer *eventually* realizes that the good or service is not the one originally sought, he or she may very well stay with the competitor.

### C. Damages For Trademark Infringement

18. The damage from initial interest confusion can manifest itself in several ways: (1) the original diversion of the prospective customer's interest to a source that he or she erroneously believes is authorized; (2) the potential consequent effect of that diversion on the customer's ultimate decision whether to purchase caused by an erroneous impression that two sources of a product may be associated; and (3) the initial credibility that the would-be buyer may accord to the infringer's products-customer consideration that otherwise may be unwarranted and that may be built on the strength of the protected mark, reputation and goodwill.

19. Accordingly, Plaintiff seeks damages in the form of: (1) all of Defendant's profits relative to the infringement; (2) the damages sustained by Plaintiff; and (3) the costs of the action pursuant to 15 U.S.C. § 1117(a).

20. Pursuant to 15 U.S.C. § 1117(b), Plaintiff also demands treble damages and attorneys fees due to Defendant's bad faith and <u>willful</u>, egregious infringement.

21. Defendant has not used Plaintiff's mark coincidentally, but rather chose to associate Plaintiff's mark with its own website for the sole purpose of unfairly steering traffic thereto.

22. Clearly, Defendant made a concerted effort to rank very highly in online search results, presumably paying top dollar for such advantageous search result placement.

23. As such, Defendant has intentionally infringed Plaintiff's Registered Trademark.

24. In sum, Plaintiff has expended significant time, effort, and resources in promoting the mark. Defendant is riding the coattails of Plaintiff, enjoying revenues from using of the trademark without the expenditures associated with developing same. Plaintiff is being damaged by Defendant's infringement, including lost revenues.  Allowing Defendant to continue infringing will cause further damage to Plaintiff, and defy the purpose of the United States Trademark Registration system.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 24 set out supra, with the same force and effect as if fully set forth therein.

26. Plaintiff has made a substantial investment of time, money, skill, and effort to create a strong trade name and strong public association with the Trademark "DURANGO MERCHANT SERVICES."

27. Plaintiff was granted United States Trademark Registration Number 3,533,355 for the word mark "DURANGO MERCHANT SERVICES" on November 18, 2008.

28. During Plaintiff's usage of the mark, markings appeared on Plaintiff's literature serving as notice to the public that the mark was protected by the trademark laws.

29. Defendant has used Plaintiff's identical Registered Trademark in connection with the same industry in which Plaintiff operates.

30. Defendant's usage of Plaintiff's Registered Trademark is likely to cause confusion among relevant consumers.

31. Defendant has violated the terms of the Lanham Act, codified at 15 U.S.C. 1051, et seq.

32. Plaintiff has suffered and will to continue to suffer economic losses due to the trademark infringement of Defendant, in violation of 15 U.S.C. 1051, et seq.

33. Plaintiff is unable to ascertain the amount of its actual damages at this time.

**WHEREFORE**, Plaintiff requests that:

A. It be adjudged that Plaintiff's Registered Trademark has been infringed by Defendant;

B. Defendant and its officers, directors, agents, representatives, attorneys and all persons acting and claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation with them, and each of them, be permanently enjoined from using Plaintiff's Registered Trademark and any and all marks confusingly similar thereto in the United States.

C. Defendant be required to account for their profits from infringement of Plaintiff's Registered Trademark;

D. That the Court award Plaintiff damages against Defendant in an amount adequate to compensate Plaintiff on their first cause of action;

E. That the Court award Plaintiff costs and disbursements of this action as provided by 15 U.S.C. 1117(a);

F. That the Court increase the amount of damages found or assessed for Defendant's infringement by three times, and award reasonable attorneys fees, on account of the willful,

intentional, and deliberate character of Defendant's infringing acts, as provided by 15 U.S.C. 1117(b); and

G. That the Court award Plaintiff such other and further relief as the Court deems just, proper and equitable.

Dated: Calverton, New York.
July 30, 2013

/s/ Todd Wengrovsky
Todd Wengrovsky
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
*Attorney for Plaintiff*